# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW MORALES,

    Plaintiff,

    v.

ANN STANTON, *et al.*,

    Defendants.

NO. 3:18-CV-00852

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is a Motion to Dismiss filed by Defendants Ann Stanton, Shawn O. Cooper, and Adam J. Wagner (Doc. 20). Andrew Morales, a prisoner proceeding *pro se*, alleges that Defendants violated his civil rights. (*See* Doc. 1). Because Morales has not adequately pled his claims, Defendants' Motion will be granted; however, Morales will be given leave to amend his complaint.

## I. Background

I construe Morales's complaint liberally, taking his factual allegations as true and drawing all inferences in his favor. *Capograsso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 & n.1 (3d Cir. 2009). Morales alleges that four separate instances of prison officials' misconduct led to his civil rights being violated. (Doc. 1 at 2).

First, on December 5, 2017, Ann Stanton, the "Inmate/Attorney Coordinator" at Snyder County Prison, told Morales that if he fired his lawyer he was "stupid" and that he was "digging [his] own grave." (*Id.*). Stanton also opened Morales's legal mail before giving it to him on a "few" occasions. (*Id.*). Second, Morales was removed from the "kitchen job" he was working "for no legal reason." (*Id.*). Morales alleges that "the whole male crew was replaced" because they were "an all male working crew." (*Id.*). Third, Defendants Shawn Cooper and Adam Wagner have denied Morales access to the law library at the prison. (*Id.*). Fourth, "medical staff and other staff" at the prison have mistreated Morales. (*Id.*). He alleges that "for over one year" staff have been neglecting his medical needs, namely sleep apnea (which causes him to stop breathing) and "emergency [dental] extractions." (*Id.*).

In his prayer for relief, Morales requests treatment for his medical conditions, reinstatement to his kitchen job, and restoration of his law library rights. (*Id.* at 3). Morales does not specifically request damages, but does say he would like a "settlement." (*See id.*). Defendants filed their Motion to Dismiss (Doc. 20) and brief in support (Doc. 21), arguing that Morales has failed to state any claim upon which relief may be granted. Morales has not filed an opposition brief. The Motion is now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. The defendant, as the movant, bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When considering a Rule 12(b)(6) motion, my role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Detailed factual allegations are not required. *Id.* However, "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts to support its claims for relief. *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III. Discussion

**A.    Stanton**

Morales alleges that Stanton opened his legal mail out of his presence "a few times." (Doc. 1 at 2). Defendants argue that all claims against Stanton should be dismissed because "isolated instances of opening legal mail outside an inmate's presence—without

2

evidence of improper motive—does not give rise to a constitutional violation[.]" (Doc. 21 at 7).

"[P]risoners do not forfeit their First Amendment right to use of the mails." *Bieregu v. Reno*, 59 F.3d 1145, 1452 (3d Cir. 1995). "[P]rison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner." *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006). But in order to state a claim in this context, the opening of legal mail outside the prisoner's presence must occur via a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006). Morales's allegation that Stanton opened his legal mail "a few times" does not plausibly suggest a "pattern and practice" violative of his First Amendment rights. *Williams v. Lackawanna Cty. Prison*, No. 1:13-CV-00849, 2017 WL 2152362, at *3 (M.D. Pa. May 17, 2017) (collecting cases); *see Beese v. Liebe*, 51 F. App'x 979, 981 (7th Cir. 2002) (opening of three or four pieces of legal mail outside of inmate's presence must be more than negligent to be actionable). Nor does Morales's allegation state a claim under the Fourth Amendment. *See Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009). Finally, Stanton's alleged statements (that Morales would be "stupid" to fire his lawyer and that he was "digging his own grave"), standing alone, also fail to state a claim for relief. *See Kirk v. Roan,* No. 1:04 CV 1990, 2006 WL 2645154, at *4 (M.D. Pa. Sept. 14, 2006) (simple verbal harassment and name-calling do not violate a prisoner's rights under the Eighth Amendment).

Accordingly, Defendants' Motion to Dismiss will be granted as to all claims brought against Stanton.

**B.     Cooper and Wagner**

Morales next alleges that Cooper and Wagner have denied him access to the law library at the prison. (Doc. 1 at 2). Defendants argue that Morales has failed to state a claim because he has not alleged any actual injury, and because he is currently represented by counsel. (Doc. 21 at 5-6). In support of the latter point, Defendants ask me to take judicial notice of the criminal docket sheet pertaining to Morales that reflects he is represented by

3

counsel. (*Id.* at 6 n.1).

The Third Circuit has outlined what a prisoner must allege to state an access-to-courts claim:

> Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (internal citations and footnote omitted).

Here, Morales merely alleges that Cooper and Wagner denied him access to the law library. He does not allege that he is pursuing a challenge to his sentence or conditions of confinement (although elements of the instant suit involve his conditions of confinement). Nor does he allege any actual injury, describe any "lost remedy," or mention his underlying arguable claim. Because Morales's allegations are insufficient to state a claim on this basis, I decline to consider Defendants' argument about Morales's current representation or take judicial notice of his criminal docket sheet. However, I note in passing that "[c]ourts have dismissed access to court challenges of represented prisoners who claim a lack of access to the law library." *Tinsley v. Del Rosso*, No. CIV.A. 08-1251(RMB), 2008 WL 2236598, at *4 (D.N.J. May 30, 2008) (collecting cases). If Morales truly is represented by counsel, an amended complaint that reasserts an access-to-courts claim based on denial of access to the law library would be almost certainly be frivolous.

Defendants' Motion to Dismiss will therefore be granted as to all claims brought against Cooper and Wagner.

**C.     Unknown Defendants**

Morales finally alleges that he was removed from his kitchen job because he is a man, and that "medical staff and other staff" at the prison neglected his medical needs. (Doc. 1 at 2). Defendants argue that these allegations are insufficient because they fail to show the personal involvement of any named defendant, as is required for actions brought under 42 U.S.C. § 1983. (Doc. 21 at 3-4 (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

I agree with Defendants that Morales's allegations are insufficient, but for different reasons. Just because Morales is a prisoner does not mean his only avenue for relief is Section 1983—alleged medical neglect and discriminatory removal from a prison job could conceivably state claims under other federal and state laws. The more fundamental reason why Morales's allegations are lacking is that he fails to allege that an identifiable defendant is responsible for the conduct complained of.

Failure to "specify the defendant or defendants" responsible for a particular claim is grounds for dismissal. *Pruden v. SCI Camp Hill*, 262 F. App'x 436, 438 (3d Cir. 2007); *see Flemming v. Goord*, No. 9:11-CV-1026 LEK/RFT, 2013 WL 317059, at *4 (N.D.N.Y. Jan. 28, 2013) (dismissing claims because plaintiff "[did] not provide a single reference to any specific action taken by a specific Defendant"). Furthermore, plaintiffs are usually required to name all defendants they intend to sue in the caption of the complaint. *See* Fed. R. Civ. P. 10(a); *Shariff v. United States*, 689 F. App'x 18, 20 (2d Cir. 2017). But because *pro se* pleadings are to be construed liberally, courts will often "look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243-44 (10th Cir. 2007); *see Sloan v. Chambers*, No. 3:CV-12-1954, 2016 WL 4245550, at *14 (M.D. Pa. Aug. 11, 2016). It is also true that a plaintiff may name a fictitious defendant to identify someone whose name the plaintiff cannot figure out before filing. *Ivan v. Wells Fargo Bank, N.A.*, No. CV 12-1065-PHX-JAT, 2012 WL 3095050, at *3 (D. Ariz. July 30, 2012). However, even construing Morales's complaint liberally, I am left to guess whom or what he intends to sue. Perhaps Morales seeks relief from Snyder County Prison, the unidentified "medical staff or other staff," or just the named defendants.

5

This is not a case where it is obvious from the body of the complaint that the *pro se* plaintiff intended to join an identifiable individual or entity as a defendant. *Cf. Trackwell*, 472 F.3d at 1244 ("It is clear from the body of Mr. Trackwell's pleadings that he seeks relief from the Supreme Court and its Clerk."); *Sloan*, 2016 WL 4245550, at *14 (directing the Clerk of Court to add "Nurse McGinnis" as a defendant to the *pro se* plaintiff's action as plaintiff named Nurse McGinnis as a defendant in the body of the complaint and alleged she denied him medical treatment).

Because it is unclear who Morales alleges is responsible for removing him from his job and denying him medical treatment—and from whom he seeks relief for these actions—Defendants' Motion will be granted as to these claims.

**D.**  **Leave to Amend**

Dismissal of Morales's complaint will be without prejudice. "[I]n civil right cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007); *Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir. 1970) (specifically noting the leniency provided to *pro se* filers). Morales will therefore be given leave to amend his complaint to address the deficiencies identified above.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted, and Morales's complaint will be dismissed without prejudice.

An appropriate order follows.

January 14, 2019　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　United States District Judge

6